IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| WILLIAM KELLY VAUGHN, #1859690 | § | |
| VS. | § | CIVIL ACTION NO. 2:15cv127 |
| DIRECTOR, TDCJ-CID | § | |

**ORDER OF DISMISSAL**

Petitioner William Kelly Vaughn, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered petition for habeas corpus. The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Roy Payne, who issued a Report and Recommendation concluding that the petition should be dismissed with prejudice. Mr. Vaughn has filed objections.

**Standard of Review and Reviewability**

Where a magistrate judge's report has been objected to, the district court reviews the recommendation *de novo* pursuant to Federal Rule of Civil Procedure 72. *See also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). During a *de novo* review, a court examines the entire record and makes an independent assessment of the law. When no objections are filed, plaintiff is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).

**Discussion and Analysis of Plaintiff's Objections**

The Report concluded that the petition for writ of habeas corpus should be denied and that the case should be dismissed with prejudice because the claims were meritless. Mr. Vaughn argues that the Report was incorrect.

In his first objection, Mr. Vaughn repeats his argument that he was denied the effective assistance of counsel by his trial attorney. Mr. Vaughn, however, pled guilty to the charges against him. By entering a guilty plea, a defendant waives all non–jurisdictional defects. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Any challenge to a conviction obtained by a guilty plea is limited to issues concerning the voluntariness of the plea, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985); *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983). A plea of guilty is more than a mere confession; it is "an admission that [the defendant] committed the crime charged against him." *United States v. Broce*, 488 U.S. 563, 570 (1989); *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991); *see* also *North Carolina v. Alford*, 400 U.S. 25, 32 (1970). "A plea of guilty and the ensuing conviction encompass all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *Broce*, 488 U.S. at 569. Specifically, a defendant waives his right to challenge the effectiveness of his counsel except as the alleged ineffectiveness relates to the voluntariness of his guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

Mr. Vaughn again complains that his trial counsel was ineffective for failing to investigate, confer with him, and advise him. *See* Fed. Writ Pet. at 7. He has failed to demonstrate, however, that his attorney's actions caused him to plead guilty without a full understanding of the nature of the charges against him or the consequences of his plea. *Grabowski v. Hargett*, 47 F.3d 1386, 1389 (5th

Cir. 1995). Because Mr. Vaughn has failed to prove that his guilty plea was in any way involuntary or that his attorney's actions caused him to plead guilty, he has waived the right to argue that his counsel was ineffective. *Smith*, 711 F.2d at 682 (because petitioner's guilty plea was entered into voluntarily, he waived his ineffective assistance of counsel claims with regard to failure to investigate).

Mr. Vaughn further re-urges his claims that his sentence was illegally enhanced, the judge had a conflict of interest, and the prosecution presented false information about his prior offenses to the grand jury. *See* Fed. Writ Pet. at 6–7. These claims are also waived by Mr. Vaughn's voluntary guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 265 (1973) (voluntary guilty plea waives non–jurisdictional defects in a criminal proceeding); *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000) (noting long–standing rule that valid guilty plea bars habeas review of non–jurisdictional claims alleging antecedent violations of constitutional rights).

Regarding his objection about the enhancement of his sentence, Mr. Vaughn's claim that the second enhancement paragraph was improper because it was a misdemeanor is meritless. The relevant enhancement statute for driving while intoxicated offenses does not require the prior offenses to be felonies. The first and second enhancement paragraphs (paragraphs two and three) of the indictment alleged prior offenses related to driving while intoxicated for the purposes of § 49.09(b)(2) of the Texas Penal Code, which provides that the offense of driving while intoxicated can be enhanced to a third degree felony if the defendant has been previously convicted two prior offenses related to operating a motor vehicle while intoxicated. Tex. Penal Code Ann. § 49.09(b)(2) (West 2012); SHCR-02 at 2. That section, as opposed to the punishment enhancements contained in § 12.42(a), does not require any prior offenses to be felonies. *See* Tex. Penal Code Ann. §

12.42(a). Thus, Mr. Vaughn's claim that the indictment contained an illegal enhancement is groundless based on the language of the Texas Penal Code.

Further, Mr. Vaughn's claim raises a state law question. Claims based exclusively on state law are not cognizable in a § 2254 proceeding. "A state prisoner seeking federal review of his conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right." *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993).

Whether an offense has been properly enhanced is generally a matter of state law. *See Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982); *Donald v. Jones*, 445 F.2d 601, 606 (5th Cir. 1971). Similarly, "[t]he sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). When a state court has held that an indictment is sufficient under state law, a federal court need not address that issue. *Evans v. Cain*, 577 F.3d 620, 624 (5th Cir. 2009); *see* also *McKay*, 12 F.3d at 68). Because the state courts already addressed the sufficiency of Mr. Vaughn's indictment, this court will not consider his claim that the indictment was faulty and that the use of the enhancement paragraph was unlawful. *Id*.; SHCR–02 at "Action Taken" page. Since Mr. Vaughn's claim presents a state law issue, he is not entitled to relief.

Finally, this objection is also meritless because he fails to meet AEDPA's burden of proof. He has not shown that the state habeas court's denial of the claim was contrary to, or an unreasonable application of Supreme Court law. Mr. Vaughn is not entitled to relief because he cannot show "that the state court's ruling on the claim being presented in federal court [is] so lacking in justification

that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 130 S. Ct. at 786–87. Thus, he is not entitled to relief.

Mr. Vaughn also objects to the Report's conclusion that his claim regarding the trial judge's conflict of interest was meritless. The Report found that this claim is unexhausted and procedurally barred because it was not raised in a state habeas application. Pursuant to 28 U.S.C. § 2254 (b)(1)(A), a state prisoner's application for a federal writ of habeas corpus shall not be granted unless the applicant has exhausted his state court remedies. In order to satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *see* also *Jones v. Jones*, 163 F.3d 285, 297–99 (5th Cir. 1998) (distinct claims of ineffective assistance of counsel are separate claims for purposes of the exhaustion requirement). This claim is unexhausted because it was never presented to the Texas Court of Criminal Appeals during direct appeal or the state habeas proceedings. Mr. Vaughn would be cited for abuse of the writ if he were to present the claim in another application for state writ of habeas corpus; therefore, the claim is now procedurally barred. *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005); Tex. Code Crim. Proc. 11.07 § 4 (West 2015).

Mr. Vaughn does not address the procedural bar to this claim. Where there is a procedural bar, a state prisoner may not obtain federal habeas corpus relief absent a showing of cause for the default and actual prejudice that is attributable to the default, or that the federal court's failure to consider the claim will result in a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). A miscarriage of justice in this context means that the petitioner is actually innocent of the crime of which he was convicted. *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992); *see Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Mr.

Vaughn has failed to show cause and prejudice, or a miscarriage of justice, so the Report is correct that this claim is procedurally barred from federal habeas corpus review.

In his next objection, Mr. Vaughn repeats his claim that the District Attorney perjured himself to the Grand Jury. The Report found that this claim was meritless because it was unfounded and conclusory. "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Under Rule 2© of the Rules Governing Section 2254 cases, a petitioner is required to plead facts in support of his claims. The Fifth Circuit has held "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *see* also *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Accordingly, "the presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Mr. Vaughn again has offered nothing to this court beyond conclusory claims with no support in the record. The Court will overrule this objection.

Mr. Vaughn also generally objects to the Report and Recommendation. (Dkt. #31, p. 9). Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. *See* Fed. R. Civ. P. 72(b). If the party fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required. *See Battle v. United States Parole Commission,* 834 F.2d at 421. Mr. Vaughn's general objections in this instance are not specific enough to warrant *de novo* review. They are overruled.

Further, Mr. Vaughn has not met his burden of proof to demonstrate that the state habeas court's denial of the claims was contrary to, or an unreasonable application of Supreme Court law.

He is not entitled to relief because he cannot show "that the state court's ruling on the claim being presented in federal court [is] so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 101-102. Mr. Vaughn has failed to overcome the presumption of correctness afforded the implicit findings of the state court, and he has failed to demonstrate that its decision to deny relief was unreasonable. Mr. Vaughn's objections are without merit.

The Report of the Magistrate Judge, which contains the proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections adequately presented by the Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 12th day of July, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE